# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **DEREK LEN CONNER** | **CIVIL ACTION NO. 25-515-P** |
| **VERSUS** | **JUDGE HICKS** |
| **SCOTT CRAWFORD** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Derek Len Conner ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on April 17, 2025. Plaintiff is currently incarcerated at the Dixon Correctional Institute, but claims his civil rights were violated while incarcerated at the Bossier Medium Facility in Plain Dealing, Louisiana. He names Warden/Captain Scott Crawford as defendant.

On July 30, 2024 at around 3:30 or 4:30 a.m., Plaintiff slipped and fell as he went to mop a spot leaking from the sink, wall, and floor. He claims his back was injured during the fall. He states that there had been many complaints about the leak.

During the 6:30 a.m. pill call, Plaintiff told the officer that he had slipped and fallen. The officer placed him on the sick call list. Plaintiff was taken to the medical department three or four hours later and saw Nurse Kim. He states that Nurse Kim asked him what

happened and then looked at his back and butt. Nurse Kim gave him a ten pack of ibuprofen for pain. Plaintiff claims his requests for outside treatment, x-rays, and a bottom bed were denied. He claims he asked for a bottom bed because he was assigned to the top bunk of a triple stacked bed. Nurse Kim told him to return to the dorm. Plaintiff claims Nurse Kim knew that 20 years prior he had been shot in both legs and that his left leg has permanent nerve damage, his right knee had to be reconditioned, and he has a rod from his right hip to his knee cap.

On September 30, 2024, Plaintiff grabbed an ice chest and as he turned, he slipped and fell in almost the same spot as the first time he fell. He states the sink, wall, and floor were leaking. Two officers took Plaintiff to booking and he was given one package of ibuprofen. He was then returned to his top bunk bed. Plaintiff was not taken to the medical department until the next morning because there is no one in the medical department after 4:00 p.m. He claims the nurse told him that it looked like he had a fracture because his left toe looked out of place. Plaintiff asked for an x-ray, a doctor's opinion outside of the facility, and a bottom bed. He claims his requests were denied. He received ten packages of ibuprofen for pain.

Plaintiff filed a grievance in the administrative remedy procedure against Bossier Medium. The grievance was screened by Lt. Todd Roberts and was denied by Warden Scott Crawford.

Plaintiff claims that months after his two falls, he was still complaining about his foot. He claims the more that he walked, the more that his foot hurt. He claims that in

November or December of 2024, his foot went out and he could not walk. He claims he was made to walk the entire way to the infirmary. He saw Nurse A.J. He claims that later that week, his foot hurt worse. Plaintiff was placed on the doctor list for that Friday. Plaintiff told Dr. LaCoco what happened both times he fell. Dr. LaCoco looked at his foot and prescribed Amitriptyline 50 MG for pain and aspirin EC 81 MG as a blood thinner for him. He was also given a compression sock. Plaintiff claims he was diagnosed by Dr. LaCoco with a fractured toe on his left foot and a blood clot in his foot.

Plaintiff claims he made a few requests for medication from July 2024 through April 2025. He also requested that his pain medication be increased. He claims he was told that he could be written up if he continued to make requests about his foot. He claims the nurses told him that they cannot keep giving him medication for the same condition.

Plaintiff claims he still has pain in his back, neck, and foot. He claims his toe is still fractured. He claims his foot is always in pain and he cannot stand for long periods. He claims he has a blister on the top of his left foot that comes and goes. He claims Dr. Lococo and Nurse Kim have seen the blister twice. He claims he is a diabetic and he does not heal like he used to heal.

Plaintiff claims Warden Crawford could have ordered that he be treated at a hospital after both falls.

Plaintiff claims there are no wet floor signs. He claims that where he slipped and fell is a high traffic area which is dangerous because of the maintenance issues.

Accordingly, Plaintiff seeks proper medical treatment and therapy, counseling from a mental health provider, and monetary compensation.

## LAW AND ANALYSIS

**Conditions of Confinement**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding

an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Furthermore, the court finds that the facts alleged do not support a finding that Defendants knew of and disregarded an excessive risk to his health or safety. See Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.

Plaintiff claims that he slipped and fell in a high traffic area two times in a spot that was leaking from the sink, wall, and floor. He claims the area is dangerous because of the maintenance issues. He claims that Defendant was aware of the leak and that there had been many complaints. He claims there are no wet floor signs in the area.

Plaintiff's claims amount to negligence at most. See Noble v. Grimes, 350 F. Appx 892, 893 (5th Cir. 2009)(unpublished per curiam)(inmate's complaint for injuries sustained as result of slip and fall in standing water in shower area amounted to negligence at most and was insufficient to raise claim of deliberate indifference even though Defendants were aware of water and failed to take measures); Marsh V. Jones, 53 F.3d 707, 711-712 (5th Cir. 1995)(inmate's complaint for injuries sustained as result of slip and fall in standing

water from leaky air conditioner amounted to negligence at most and was insufficient to raise claim of deliberate indifference). As in the cases above, Plaintiff's claim does not rise to the level of a constitutional violation and is one of negligence which is not actionable under Section 1983. See Daniels v. Williams, 474 US 327 (1986).

Accordingly, Plaintiff's claims regarding the conditions of his confinement should be dismissed for failure to state a claim on which relief may be granted.

**Medical Care**

Plaintiff claims he was denied proper medical treatment for his injuries.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a

culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits that on July 30, 2024, he was seen by Nurse Kim in the medical department and was given a ten pack of ibuprofen for pain.  Plaintiff admits that on September 30, 2024, he was given a package of ibuprofen.  He admits that on October 1, 2024, he was taken to the medical department and given ten packages of ibuprofen for pain.  Plaintiff admits that in November or December of 2024 he saw Nurse A.J. and then Dr. LaCoco for foot pain.  He admits that he was given pain medication and blood thinners.  He also admits that he was given a compression sock.  He admits that Dr. LaCoco and Nurse Kim have

seen the blister on his foot at least twice. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment Defendants provided him. He claims he should have been treated at a hospital after both falls. He claims he should have received outside treatment, a bottom bunk assignment, and an x-ray after he fell the first time. He claims he should have received outside treatment after he fell the second time. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted and as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 29th day of October 2025.

Mark L. Hornsby
U.S. Magistrate Judge